**TAYLOR BROTHERS COMPANY, Plaintiff-Appellant, v. OHIO BELL TELEPHONE CO. et al., Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20545—Decided November 12, 1946.

Arthur P. Gustafson, Cleveland, for plaintiff-appellant.

P. J. Mulligan, Cleveland, T. W. Kearins, Cleveland, for defendants-appellees.

## OPINION

By MORGAN, J.

Plaintiff, appellant, The Taylor Brothers Company filed its action in the common pleas court of this county seeking an injunction to enjoin the defendants John H. Taylor and Robert O. Taylor from using the name "Taylor Brothers" in the conduct of their business. The petition also made the Ohio Bell Telephone Company a party defendant but plaintiff's action against this company was dismissed by the appellant after filing its appeal in this court.

The trial court on motion dismissed the petition and rendered judgment for the defendants at the conclusion of plaintiff's case.

The plaintiff was incorporated under the laws of Ohio in 1915, although the same concern had conducted a business under the same name for more than thirty years previously. Its principal business, which is located at 3354-56 Superior Avenue, is the manufacture and sale of rubber stampings of various kinds.

Both of the defendants were in the armed forces and on their return to civilian life early this year they started a small electrical appliance business at 19884 Lorain Road, Cleveland, Ohio, under the name "Taylor Brothers."

The defendants had installed a telephone at their business address and in the telephone directory issued in May, 1946, the defendants' firm was listed as follows:

"Taylor Bros.—Clearwater 9264"

In the directory issued by the telephone company in October, 1945, the plaintiff was listed as follows:

"Taylor Bros. Co. Rubber Stamps
3356 Superior Avenue—Endicott 5950"

Although the plaintiff gave the telephone company no such instruction, by mistake or inadvertance plaintiff's name was omitted from the May, 1946, directory. Whether by reason of such fact the plaintiff would have a cause of action against the telepohne company is a matter of no concern in this case at this time inasmuch as by reason of plaintiff's dismissal the telephone company is no longer a party in this case.

Counsel for the telephone company stated in open court that plaintiff's name will be properly listed in the telephone

directory to be issued in November, 1946.

There is no allegation in the petition and no evidence in the record to the effect that the defendants have appropriated to any degree plaintiff's reputation or good will or have been guilty of fraud or bad faith.

Plaintiff and defendants are not engaged in the same or competing lines of business and they are located more than eight miles apart in different sections of the city. While the record discloses that some confusion has resulted from the similarity of names, the principal cause of the confusion was the omission of plaintiff's name from the telephone directory in May 1946; for this omission the defendants Taylor were in no wise responsible.

The plaintiff contends that by incorporation it secured the exclusive right to the name "The Taylor Brothers Company" for use in its business and that no others should be permitted to use the same name for business purposes in the same territory.

While there can be no doubt but that the defendants would not be permitted to incorporate in Ohio under the name "The Taylor Brothers Company," it does not follow that they should not be permitted to engage in business under their own name of "Taylor Brothers" in the absence of any allegation or proof of fraud or unfair competition. In all the cases cited by plaintiff where an injunction was granted, the element of fraud or unfair competition was present.

In a note to the case of Seligman v. Fenton, 47 A. L. R. 1186, it is stated at page 1190:

"It is the general rule that a natural person in the absence of a self imposed restraint, has the right to the honest use of his family name in conducting any business, though such use may be detrimental to other individuals of the same name or to corporations in the titles of which such name forms the whole or an integral part."

To the same effect are:

52 American Jurisprudence 547;

**39 O. Jur. 380.**

The plaintiff contends that "Taylor Brothers" is not a family name although the firm consists of two brothers named Taylor. While "Taylor Brothers" is not a name of any one person, the name is closely analogous to a family name. If the plaintiff or defendants were engaged in a competing business it might become important to determine whether defendants come within the protection of the "family name" doc-

trine. It is not necessary to make such a determination here inasmuch as there is no question of fraud or unfair competition in this case.

For the above reasons the judgment is affirmed.

SKEEL, PJ, Hurd, J, concur.