COUNTYWIDE HEATING & COOLING, INC., APPELLANT, *v.* HORTON, D.B.A. COUNTYWIDE HEATING & COOLING, APPELLEE.

(No. 1182—Decided December 8, 1982.)

*Mr. Leonard P. Sabalis,* for appellant.

*Mr. Jack M. Kinney,* for appellee.

MAHONEY, P.J. Plaintiff-appellant, Countywide Heating and Cooling, Inc., appeals the trial court judgment finding that William C. Horton, d.b.a. Countywide Heating & Cooling, has a legally protected interest in the trade name "Countywide Heating & Cooling" and permanently enjoining appellant from using said name. We reverse.

### Facts

Appellee is a sole proprietorship which installs and services heating and air conditioning equipment under the name "Countywide Heating & Cooling." Appellee commenced his operation in May 1976. Appellant is an Ohio corporation established March 15, 1979, to install and service heating and air conditioning equipment under the name "Countywide Heating & Cooling, Inc." Both appellant and appellee operate in the same geographical area in competition with each other. Neither has registered the words "Countywide Heating & Cooling" as a trade name under R.C. 1329.01(B).

Appellant became aware of the existence of appellee as a competitor using the same name in the spring or summer of 1979. Appellant contacted appellee and asked him to cease using the name. In June 1979, appellee filed the name pursuant to R.C. 1329.01(C). Both parties continued to use the name.

Appellant filed an action in the court below claiming it had exclusive right to use the name, charging appellee with unfair competition and deceptive represen-

tations and asking that appellee be enjoined from using the name. Appellee counterclaimed. The trial court found that "Countywide Heating & Cooling" is a trade name and that appellee, as first user of the name, had a legally protected interest. The court ordered that appellant be permanently enjoined from using said name.

### Law and Discussion
### Assignments of Error

"I. The court erred in concluding, from the evidence, that defendant-appellee established a 'trade name' in his choice and use of the words 'Countywide Heating & Cooling' when, more properly, it should have been found that such words are words of ordinary use and meaning and constituted a 'fictitious name.'

"II. When a duly organized corporation possesses statutory authority for the use of a corporate name, i.e., 'Countywide Heating & Cooling, Inc.,' it is error for a court to find that a fictitious name with ordinary common words, identical in nature and used by another prior to the incorporation date, has exclusive use to said name.

"III. The court erred in granting both a temporary restraining order and a permanent injunction in favor of defendant-appellee when there was no evidence in the record of his being damaged by plaintiff-appellant's incorporation and use of the same name.

"IV. The court erred in the application of equitable principles in finding that the defendant-appellee, who did nothing for the protection of a fictitious name, should prevail over the plaintiff-appellant with a legally proper corporation name."

In *Younker* v. *Nationwide Mut. Ins. Co.* (1963), 175 Ohio St. 1, 6-8 [23 O.O.2d 285], the Supreme Court said:

"The rights in trademarks, trade names and service marks are acquired by actual user and not by registration. Such rights belong to the one who first actually adopts and uses the name or mark in connection with his business. * * * The qualified property rights in such names and marks and the right to protection thereof arise as a matter of common law, not as a matter of statute. The registration statutes merely implement the common-law rights and create certain procedural advantages. * * *

"It is the actual use of the trade name, trademark or service mark in connection with the business and not the duration of such use which gives rise to legal rights. * * * Thus, one who adopts and uses a name in connection with his business or products acquires the right to the use thereof over one who subsequently registers such name or mark. * * *

"* * *

"The controlling question in cases of this nature is whether one has used a name, word, symbol or other means of identification in connection with his business in such manner that the public associates such name, etc., with a particular business or commodity so that the use by another is likely to create confusion in the mind of the public. Consequently, one having a prior use of such name, etc., is entitled to the use of such name, etc., to the exclusion of all others who wish to adopt it. * * *" (Citations omitted.)

It is important to note that appellee's right to exclusive use through injunctive relief must be shown by evidence which is clear and convincing. *Cincinnatus Assn.* v. *Cincinnatus Party* (1981), 2 Ohio App. 3d 184. In the instant case, the only evidence of possible customer confusion between the corporation and the sole proprietorship came from Joseph Guido, appellant's president, who testified that two customers telephoned the corporation expecting to reach Horton. The fact that two people in a three-county area actually confused the two business entities is not clear and convincing proof that the public actually is or is likely to be unable to distinguish between the two businesses.

Summary

We sustain appellant's third assignment of error in that appellee has failed to prove his right to injunctive relief by clear and convincing evidence. We have read and considered appellant's other arguments and find them to be without merit. Appellant's first, second and fourth assignments of error are overruled. The judgment is reversed.

*Judgment reversed.*

VICTOR and BELL, JJ., concur.