ADKINS, APPELLANT, *v.* VILLAGE OF ONTARIO, APPELLEE, ET AL.

[Cite as Adkins *v.* Ontario (1983), 8 Ohio St. 3d 45.]

(No. 83-103—Decided December 21, 1983.)

*Baran & Baran Co., L.P.A., Mr. Edward C. Baran* and *Mr. John Tarkowsky,* for appellant.

*Messrs. Sauter & Hohenberger* and *Mr. George V. Sauter,* for appellee.

*Per Curiam.* The sole issue presented for our determination is whether the court of appeals was correct in affirming the trial court's grant of summary judgment, pursuant to Civ. R. 56, in favor of appellee, village of Ontario.

Pursuant to Civ. R. 56(C), summary judgment may be granted when it appears from the evidence submitted that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. We must, therefore, construe the evidence most strongly in favor of appellant. Applying this standard, we conclude that summary judgment was improperly granted. For the reasons which follow, we find that sufficient evidence was presented to raise questions of fact as to whether R.C. 723.01 imposes a duty on Ontario for the condition of the guardrail and whether the guardrail constituted a nuisance rendering the highway unsafe for normal travel.

Appellant argues that R.C. 723.01 imposes a duty on a municipality to have properly maintained or removed the guardrail. Having failed to do so, appellant contends that Ontario created a nuisance with respect to the guardrail involved in the accident.

R.C. 723.01 provides that:

"Municipal corporations shall have special power to regulate the use of the streets. The legislative authority of such municipal corporation shall have the care, supervision, and control of public highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts, and viaducts within the municipal corporation, and shall cause them to be kept open, in repair, and free from nuisance."

This language mandates that highways be kept open, in repair and free from nuisance. The statute was construed in *Fankhauser* v. *Mansfield* (1969), 19 Ohio St. 2d 102 [48 O.O.2d 103]. The court stated at page 108 that one object of R.C. 723.01 is "to keep highways and streets open for the purposes for which they were designed and built, *i.e.,* to afford the public a safe means of travel." The court concluded that the petitions, alleging that the municipality's failure to keep a traffic signal in proper working order caused an accident and injury, stated a cause of action. The court noted that traffic control signals are as much a part of streets and highways as median strips, safety islands or guardrails.

Applying the principle enunciated in *Fankhauser* to the case *sub judice,* the question is whether Ontario's obligation to keep the highway safe for travel includes responsibility for the condition of a guardrail on a median strip or safety island.

In *Dickerhoof* v. *Canton* (1983), 6 Ohio St. 3d 128, the court addressed the question of whether this statutory duty extended to a chuckhole in the shoulder of the road. We held in paragraph two of the syllabus that, "* * * a municipal corporation may be liable for injuries resulting from its failure to keep the shoulder of a highway in repair and free from nuisance, when such defect renders the highway unsafe for normal travel."

However, in *Strunk* v. *Dayton Power & Light Co.* (1983), 6 Ohio St. 3d 429, 431, we were "unwilling to extend a municipality's duty past the portion of the highway considered the berm or shoulder. Therefore, we * * * [held] as a matter of law that a light pole located adjacent to a roadway and the shoulder thereof is not a portion of the highway as interpreted in R.C. 723.01."

Construing the evidence most strongly in favor of appellant, as required by Civ. R. 56(C), reasonable minds could come to different conclusions on whether Ontario was entitled to summary judgment as a matter of law.

Initially, it must be determined whether R.C. 723.01 imposes a responsibility on Ontario for the condition of the guardrail. It is not clear from our previous decisions construing R.C. 723.01 whether the location of the guardrail imposes a responsibility on Ontario for its condition. We found that the statute did not impose a responsibility for the light pole which was beyond the roadway and shoulder in *Strunk*, but that it did impose a responsibility for the chuckhole in the shoulder which immediately abutted the highway in *Dickerhoof*. Although the state installed the guardrail, Ontario admitted in an answer to an interrogatory that it owned the triangular strip of land and that it is responsible for maintenance of the guardrails on the strip. It is not clear whether the edge of the road ended abruptly without a shoulder or how close the guardrail was located to the traveled portion of the highway. Because the record does not clearly indicate the proximity of the guardrail to the highway, we cannot say, as a matter of law, that the area is a portion of the highway as interpreted in R.C. 723.01. Instead, we find that it is a question of fact for the jury to determine whether the guardrail was located close enough to the highway to impose a duty under the statute.

Another question that cannot properly be determined by summary judgment is whether the condition of a guardrail constituted a nuisance. Appellant contends that the unburied end of the guardrail, directly facing oncoming traffic, created a hazard and caused his injuries. Furthermore, he maintains that since 1971 this design has been contrary to the State Department of Highways' policy to bury or anchor ends of guardrails. Therefore, it is a question of fact whether the unburied end of the guardrail constituted a nuisance, within the purview of R.C. 723.01, which rendered the highway unsafe for normal travel.

Construing the evidence most strongly in favor of appellant, we conclude that summary judgment was improperly granted. Questions of material fact exist which should be determined by a jury.

Accordingly, the judgment of the court of appeals is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed and*
*cause remanded.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

W. Brown and Holmes, JJ., concur separately.

Locher, J., concurs in judgment only.

Holmes, J., concurring. I concur with the majority that by applying Civ. R. 56(C) to the facts of this case, an issue was raised as to whether the guardrail here was in fact a portion of the highway under R.C. 723.01, as interpreted by this court in *Dickerhoof* v. *Canton* (1983), 6 Ohio St. 3d 128, and *Strunk* v. *Dayton Power & Light Co.* (1983), 6 Ohio St. 3d 429.

I further concur with the majority that a jury issue was raised as to whether the guardrail at the time of the accident constituted a nuisance.

Additionally, I must point out that a further element which has been raised as a potential, but necessary, issue in this case is whether, once the duty of the appellee village might be established and this particular guardrail determined to be a nuisance, upon the facts of the case, the village did in fact have actual or constructive notice of such nuisance. *Cleveland* v. *Amato* (1931), 123 Ohio St. 575.

W. Brown, J., concurs in the foregoing concurring opinion.