CHINN, D.B.A. CHINN'S AUTO SERVICE, APPELLANT, *v.* CHINN, APPELLEE.

(No. CA85-11-132 — Decided May 12, 1986.)

*Timothy P. Nolan,* for appellant.
*Stephen J. Brewer* and *Daniel W. Crout,* for appellee.

JONES, J. This is an appeal by plaintiff-appellant, Theodore A. Chinn, Jr., d.b.a. Chinn's Auto Service, from a summary judgment decision denying him an injunction against and damages from defendant-appellee, David Chinn, who operates an auto repair establishment known as "Chinn's Auto Service Center." Appellant originally filed suit claiming appellee infringed on his trade name. The trial court disagreed. Appellant now appeals and assigns as error the trial court's granting of appellee's motion for summary judgment and denial of his like motion.

The facts in this case are sparse. However, they reveal that appellant has been an auto mechanic in Cincinnati and Hamilton County since 1956. He currently operates a business known as "Chinn's Auto Service" and has advertised as Chinn's Auto Service in the Yellow Pages since 1983.

Appellee began operations as an auto repair establishment on March 23, 1985 in Union Township, Butler County, Ohio. The distance between the two businesses is eleven miles. Appellee's business is called "Chinn's Auto Service Center." Appellee does not advertise in Hamilton County.

The major difficulty in the case *sub judice* occurs because appellant and appellee have the same surname. Generally, a natural person, in the absence of a self-imposed restraint, has the right to the honest use of his family name in conducting any business, even though such use may be detrimental to other individuals of the same surname or to corporations the titles of which are formed in whole or in an integral part by the surname. *Taylor Bros. Co. v. Ohio Bell Telephone Co.* (App. 1946), 47 Ohio Law Abs. 283, 71 N.E. 2d 860. When persons of similar surnames operate similar or competing businesses and one seeks to enjoin the other's use of the name in business, such party bears the burden of showing by clear and convincing evidence, *Countywide Heating & Cooling, Inc. v. Horton* (1982), 8 Ohio App. 3d 174, 8 OBR 234, 456 N.E. 2d 827, that his competitor has engaged in appropriation of his reputation or good will, or has been guilty of fraud or bad faith. *Taylor Bros. Co., supra.* Alternatively, an injunction may be granted upon a showing by clear and convincing evidence that through long and notorious use of his name, it has come to have a secondary meaning associated with his business so that an attempt by another to use such name results in confusion to the ordinary, average consumer. *Stern Furniture Co. v. Stern* (1948), 152 Ohio St. 191, 39 O.O. 479, 87 N.E. 2d 351. In reviewing the cases, we find that not only are confusion of the ordinary consumer public and the continuity and longevity of the name's ex-

clusive use by the proponent a focus of the inquiry, but also are the facts and circumstances involved, including the physical proximity of the like-named establishments and whether they are located within the same business locale. *Hugo Stein Cloak Co.* v. *S.B. Stein & Son, Inc.* (1937), 58 Ohio App. 377, 12 O.O. 229, 16 N.E. 2d 609.

A motion for summary judgment should be granted where there is no material issue of fact and, when viewing the evidence in a light most favorable to the motion's opponent, reasonable minds can only conclude that the movant is entitled to judgment as a matter of law. *Adkins* v. *Ontario* (1983), 8 Ohio St. 3d 45, 8 OBR 406, 457 N.E. 2d 317. In support of their motions for summary judgment, each party submitted his own affidavit. Appellee averred that he did not solicit business or advertise in Hamilton County and that, with one exception, his customers to date had not been from Hamilton County. He swore that his business was eleven miles from appellant's and in a different county, and there was no confusion or competition between appellant's business and his own. Appellant's affidavit recited the history of his business and identified the events which caused him to sue. He claimed he filed suit because of phone inquiries he received from tax authorities and parts dealers asking whether he expanded or relocated his business and because a customer went to appellee's establishment by mistake.

We find the averments in appellant's affidavit insufficient to meet any of the tests we have provided above. Telephone inquiries were found insufficient to justify relief in *Countywide Heating, supra,* and appellant's recitation of one customer who went to appellee's establishment only to learn it was not the right one is equally unpersuasive. Appellant's claims do not rise to the level of clear and convincing proof of unfair competition or an attempt by appellee to appropriate appellant's good will or name. Nor is there any allegation of fraud or bad faith on appellee's part. There is also no allegation of secondary meaning associated with appellant's name. Appellant even fails to demonstrate in support of his damage claim the loss of a single dollar of business income due to appellee's business name and his location.

However, when we examine appellee's affidavit we find that he does not advertise in Hamilton County, that appellee's business does not draw its customers from the same area as appellant's (appellee is located in a rural Butler County area while appellant is located in the center of the Cincinnati metropolitan area), and that appellee's business customers are not confused with nor intended to be confused with appellant's.

Implicit in appellant's complaint is a theme, albeit unexpressed, that since Chinn is a somewhat unusual name in this area, it is patently unfair for another individual with the same name to compete in a similar business venture. It is not entirely conjectural, therefore, to suggest that appellant would not have considered it worthwhile to pursue this litigation were he and his competitor both blessed with a more popular (some might even say common) name such as Smith or Jones.

As to the balance of appellant's business name, "Auto Service," the words are no more than a description of a generic service performed by literally hundreds of persons within this area. They do not have a special meaning to which appellant can attach exclusive right for himself. We find the trial court did not err in granting appellee summary judgment in this case.

We overrule the sole assignment of

error. We affirm the trial court's decision dismissing this case.

*Judgment affirmed.*

KOEHLER, P.J., and HENDRICKSON, J., concur.