# CINCINNATI CENTRAL CREDIT UNION

v.

## GOSS et al.

Hamilton County Municipal Court.

No. 94 CV 13531.

Decided Oct. 12, 1994.

*John L. Day, Jr.,* for plaintiff.

*Arthur C. Church,* for defendants.

TIMOTHY S. BLACK, Judge.

This civil matter presents a common occurrence in the world of banking, one which the courts can resolve efficiently and equitably.

Pursuant to Civ.R. 56, if there is no genuine issue of material fact in dispute, and upon those facts, entry of judgment as a matter of law can be granted, such judgment should issue summarily. Civ.R. 56; *Adkins v. Ontario* (1983), 8 Ohio St.3d 45, 46, 8 OBR 406, 407, 457 N.E.2d 317, 318. Proper use of summary judgment serves justice substantially by resolving disputes promptly. *First Fed. S. & L. Assn. of Toledo v. Perry's Landing, Inc.* (1983), 11 Ohio App.3d 135, 146, 11 OBR 215, 227, 463 N.E.2d 636, 648.

In the present action, the material facts are undisputed as evidenced by the pleadings, including, most specifically, the plaintiff's affidavit and the defendants' admissions in their responses to interrogatories. Civ.R. 56(C). These material and undisputed facts evidence the following truths:

1. On or about September 10, 1993, one Terrence Fitzgerald made payable his check for $4,000 to New Look Auto Trim and Upholstery and delivered it to the defendants.

2. Thereafter, defendants Yuvonne Goss and Benii Arrazza appeared at Goss's financial institution, Cincinnati Central Credit Union, indorsed Fitzgerald's check by writing each of their names on to the back of the check, and thus delivered it to the credit union for payment. Defendants' indorsements of the check were blank, that is, without any restrictions whatsoever.

3. The plaintiff credit union deposited the check's proceeds of $4,000 into defendant Goss's checking account. (The defendants allege that the credit union should have deposited the proceeds into a New Look business account.)

4. Defendant Goss subsequently withdrew all funds from her personal account, including the $4,000 from Fitzgerald's check.

5. Thereafter, plaintiff presented said $4,000 check to Fitzgerald's bank, whereupon the check was dishonored for insufficient funds.

6. The credit union has made demand upon defendants to honor the check in light of their blank indorsements of it, which invitation the defendants have declined. Accordingly, plaintiff has set off against the dishonored check various other funds of the defendants totalling $837.53.

Upon these material and undisputed facts, the court can conclude summarily as a matter of law as to which party is entitled to entry of judgment. Civ.R. 56.

■ The law in Ohio is clear: "[E]very indorser engages that upon dishonor and any necessary notice of dishonor and protest he will pay the instrument * * * to the holder * * *." R.C. 1303.50(A). Unless the indorsement is qualified by such words as "without recourse," the indorser is liable whether or not he or she received any value for the indorsement. See Official Comment to UCC 3–414 (R.C. 1303.50); *Alves v. Baldaia* (1984), 14 Ohio App.3d 187, 190, 14 OBR 205, 208, 470 N.E.2d 459, 463.

■ Provided that the credit union is a holder in due course of the check, the indorsers are jointly and severally liable on the check, and they may not raise any claims and/or defenses. *G.F.D. Enterprises, Inc. v. Nye* (1988), 37 Ohio St.3d 205, 211, 525 N.E.2d 10, 15. A holder in due course is one who holds a negotiable instrument taken for value in good faith and without notice of any claim to it or defense against it on the part of any person. R.C. 1303.31(A); *All–American Fin. Co. v. Pugh Shows, Inc.* (1987), 30 Ohio St.3d 130, 132, 30 OBR 443, 444–445, 507 N.E.2d 1134, 1136.

Here, the credit union is the holder of a negotiable instrument, the indorsed check, taken for value, as Goss withdrew the funds before the check was dishonored. These material facts are not disputed.[1] Thus, all that remains for determination is whether or not the credit union acted in good faith and without notice of any defense to the check. *Id.*

■ In this context, the primary dispute raised by the defendants is the assertion that the credit union negligently deposited the $4,000 into Goss's personal checking account rather than the allegedly intended business account of New Look. However, had the defendants preferred that the check be deposited in a business account, defendants were obligated to employ a restrictive indorsement, such as "for deposit only to New Trim." See R.C. 1303.50. Utilization of a restrictive indorsement is an affirmative duty, and the law will not permit an indorser who commits negligence in the indorsement to turn and assert subse-

---

1. The negotiability of the check is not at issue although the evidence reflects that neither signature of the two indorsers matches the name of the payee nor states a representative capacity. Most likely if negotiability were disputed, the end would be the same as the law would presume the authority of the indorsers, see R.C. 1303.36(A)(2) and (B), and would enforce the defendant customers' warranty of their authority. See R.C. 1304.13(A)(1).

quent negligence of another as a defense to the indorser's contract. *G.F.D. Enterprises, Inc. v. Nye* (1988), 37 Ohio St.3d 205, 525 N.E.2d 10. The net effect, here, is to require the conclusion as a matter of law. that the credit union is a holder in due course having acted in good faith.

█ In essence, then, this case resolves upon black-letter law, to wit: If you indorse a check in blank in Ohio, you are strictly liable to the person to whom you deliver the indorsed check. R.C. 1303.50 and 1303.25(B). Defendants Goss and Arrazza did just that, and the law mandates their liability.[2]

Accordingly, there being no genuine issue as to any material fact in dispute, and plaintiff being entitled to entry of judgment in its favor as a matter of law, the court hereby enters judgment for plaintiff and against defendants Goss and Arrazza, jointly and severally, in the amount of $3,162.43, with interest from September 10, 1993 at the rate of ten percent per annum until paid, costs to be paid by defendants.

*So ordered.*

---

2. The law and substantial justice merge nicely in this case for the equities here are overwhelming, to wit: the payee "New Look" is but a d.b.a. for defendant Arrazza; Arrazza indorsed the check; the maker of the bounced check is a customer of Arrazza's; and defendant Goss, who ended up with the $4,000 in improper proceeds, is Arrazza's close friend. In equity, then, Arrazza and Goss should bear the loss of their customer's dishonor rather than laying it off on Goss's credit union.