## ATLANTIC MUTUAL INSURANCE COMPANY

### v.

### THE PROVIDENT BANK.

Hamilton County Municipal Court.

No. 95 CV 20501.

Decided Feb. 29, 1996.

*Lindhorst & Dreidame* and *Barry F. Fagel,* for plaintiff.

*John R. Wirthlin,* for defendant.

TIMOTHY S. BLACK, Judge.

This civil case presents the close question as to who should bear the loss occasioned by a criminal having cashed two forged payroll checks: (1) the bank which cashed the checks, or (2) the business which employed the thief, or (3) both parties to the degrees of their respective fault.

Pursuant to Civ.R. 56, if there is no genuine issue of material fact in dispute, and, upon those facts, entry of judgment as a matter of law can be granted, judgment should issue summarily. Civ.R. 56; *Adkins v. Ontario* (1983), 8 Ohio St.3d 45, 46, 8 OBR 406, 407, 457 N.E.2d 317, 318. Proper use of summary judgment serves justice substantially by resolving disputes promptly. *Cincinnati Cent. Credit Union v. Goss* (1994), 66 Ohio Misc.2d 60, 61, 642 N.E.2d 1176, 1177; see, also, *First Fed. S. & L. Assn. v. Perry's Landing, Inc.* (1983), 11 Ohio App.3d 135, 146, 11 OBR 215, 227, 463 N.E.2d 636, 648.

In the present action, the material facts are undisputed as evidenced by the pleadings, including, most specifically, the parties' cross-motions for summary

judgment [1] and several affidavits. Civ.R. 56(C). These material and undisputed facts evidence the following truths:

1. Vincent Jones, an employee of plaintiff's assignor, Clem Macke Bindery, forged the signature of his employer on two of its checks made payable to a fictitious "Larry Pope," whose false name Jones then indorsed on the back of the checks.

2. Jones presented these forged checks to the defendant, The Provident Bank, for payment, whereupon the bank cashed the checks for Jones.

3. Plaintiff alleges that the bank was negligent and evidences by affidavit as undisputed, material facts that:

A. Vincent Jones cashed other Clem Macke payroll checks payable to himself (and not to the fictitious Larry Pope) at Provident Bank, and all such checks were always under $500 (unlike the two checks at issue which were in the amounts of $2,000 and $1,685);

B. Numerous other Clem Macke employees cashed payroll checks at Provident Bank with the authorized signature of Clem Macke on them, and none of these payroll checks was in excess of $700;

C. On other occasions, Provident Bank contacted Clem Macke before cashing employees' payroll checks but failed to do as to the two forged checks;

D. Provident Bank did not require Vincent Jones to produce any identification when cashing the forged checks under the name of Larry Pope;

E. All prior Clem Macke payroll checks were computerized, while one of the two forged checks illegally cashed by Jones was a manual check.

4. The bank, in turn, alleges that the employer was negligent and by its failure to exercise ordinary care in hiring and monitoring the criminal thereby substantially contributed to the making of the forgeries. The bank evidences by affidavit the following undisputed, material facts regarding the employer's role in this matter:

A. The employer failed to conduct any criminal background check of Jones before hiring him, which investigation, had it been undertaken, would have revealed that Jones had two prior felony convictions for theft;

B. The employer failed to keep its blank checks in a locked container;

5. The employer responds with the following undisputed, material facts, evidenced by affidavit:

---

1. The presence of cross-motions for summary judgment intimates that the material facts are not in dispute and that the matter is amenable to resolution as a matter of law upon summary judgment.

8

A.  The forger was employed as a shipping clerk and not as an employee in a position of trust such as an accountant with access to the checks;

B.  The checks were in a closed drawer within the company safe, which safe could not feasibly be locked at all times during business hours;

C.  Jones was not granted access to the checks during the course of his employment; instead, he surreptitiously gained access, stole the checks, and forged them.

█  Upon all of these material and undisputed facts, the court can conclude summarily as a matter of law as to which party is entitled to entry of judgment. Civ.R. 56.  Although the dispositive issues may be questions of fact, when the material facts are undisputed, summary judgment shall issue as a matter of law. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265.

█  Here, as a threshold matter, the general rule of law is that a check bearing a forged drawer's signature is not "properly payable" and, if paid, the bank that pays such a check is liable to its customer.  R.C. 1303.43; see, also, *Ed Stinn Chevrolet, Inc. v. Natl. City Bank* (1986), 28 Ohio St.3d 221, 28 OBR 305, 503 N.E.2d 524, modified on rehearing (1987), 31 Ohio St.3d 150, 31 OBR 316, 509 N.E.2d 945.

However, the law carves out an exception to the general rule at R.C. 1303.49(A) by providing that:

"(A) A person whose failure to exercise ordinary care substantially contributes to an alteration of an instrument or to the making of a forged signature on an instrument is precluded from asserting the alteration or the forgery against a person who, in good faith, pays the instrument or takes it for value or for collection."

Thus, in the present case, if the employer failed to exercise ordinary care in protecting its checks from theft and thereby substantially contributed to the thief's ability to forge the checks, then the employer cannot recover against the bank, unless an exception to the exception applies.[2]

The exception to the exception is codified at R.C. 1303.49(B) and provides that:

"(B) Under division (A) of this section, if the person asserting the preclusion fails to exercise ordinary care in paying or taking the instrument and that failure substantially contributes to the loss, the loss is allocated between the person

---

2.  "[T]he Uniform Commercial Code is a delicately balanced statutory scheme designed, in principle, to ultimately shift the loss occasioned by negotiation of a forged instrument to the party bearing the responsibility for the loss."  *Ed Stinn Chevrolet*, 28 Ohio St.3d 221, 226, 28 OBR 305, 309, 503 N.E.2d 524, 530.

precluded under division (A) of this section from asserting an alteration or forgery and the person asserting the preclusion according to the extent to which the failure of each to exercise ordinary care contributed to the loss."

Thus, in the present case, if the bank cashed the forged checks, it is liable to the employer, unless the employer's failure to exercise ordinary care contributed substantially to the forgeries, whereupon the employer would be barred from recovery from the bank, unless the bank's failure to exercise reasonable care substantially contributed to the loss, whereupon the employer and the bank would share in the loss according to their respective degrees of fault. *Id.*

■ Here, the bank cashed the forged checks; ergo the bank is liable in the first instance. However, if the bank can evidence by a preponderance of the evidence that the employer's failure to exercise ordinary care substantially contributed to the loss, the bank may be able to avoid or lessen its liability to the employer. R.C. 1303.49(A). Although the burden is on the bank to establish the employer's fault, see R.C. 1303.49(C),[3] the term "substantially contributed to the loss" is to be liberally construed. *G.F.D. Enterprises, Inc. v. Nye* (1988), 37 Ohio St.3d 205, 213, 525 N.E.2d 10, 18 (citing 1961 Official Comment 3 to former UCC 3-406 [former R.C. 1303.42, now 1303.49]).

■ Here, based upon the undisputed material facts, the court concludes as a matter of law that the failures of the employer to exercise ordinary care in investigating, hiring, and monitoring Jones, accompanied by the failure to keep its blank checks in a locked container, constitute negligence as a matter of law. By operation of R.C. 1303.49(B), the bank is relieved of sole liability for the forgeries.

■ Moreover, in evaluating the undisputed material facts, the court concludes further as a matter of law that the bank's failure to exercise ordinary care in determining whether or not to cash the checks, including the bank's failure to require Jones to present any identification as Larry Pope when presenting the checks for payment, constitutes negligence as a matter of law also.

■ Accordingly, pursuant to R.C. 1303.49(B), the loss is to be apportioned according to the parties' respective faults. While this analysis might facially present a question of fact for trial on another day, in light of the undisputed material facts, the court concludes as a matter of law that each party is equally

---

3. R.C. 1303.49(C) provides:
   "(C) Under division (A) of this section, the burden of proving that a failure to exercise ordinary care contributed to an alteration of an instrument or to the making of a forged signature on an instrument is on the person asserting the preclusion. Under division (B) of this section, the burden of proving that a failure to exercise ordinary care in paying or taking an instrument substantially contributed to loss is on the person precluded."

responsible for the forgeries. The bank's failure to detect the forgeries at the time of presentment is counterbalanced by the employer's own failure to act in a prudent and safe manner. Accordingly, they shall both wallow equally in the fruits of their failures.

WHEREFORE, the court grants in part the plaintiff's motion for summary judgment and denies defendant's motion for summary judgment, finding that judgment shall be and is hereby entered in favor of plaintiff and against defendant in the amount of half the loss, *i.e.,* $1,842.50, each party to bear its own costs.

SO ORDERED.

*Judgment accordingly.*