Plaintiff-appellant, Velva Saulsbury, appeals the decision of the Franklin County Court of Common Pleas granting the summary judgment motion of defendant-appellee, City of Columbus. Appellant presents the following assignment of error:
 "The Court of Common Pleas committed reversible error in granting summary judgment in favor of The City of Columbus because the City was not entitled to judgment as a matter of law and the case presented genuine issues of material fact which demand jury resolution."
Appellant commenced a personal injury action against the City of Columbus, the Franklin County Board of Commissioner, the Delaware County Board of Commissioners, and M/I Schottenstein Homes. Appellant's claims against defendants M/I and Delaware have been dismissed without prejudice and otherwise than upon the merits. Appellant's claims against Franklin County have been stayed under an agreed order and entry.
Appellant's complaint alleges that on December 19, 1995, she was driving eastbound on Lazelle Road. As she approached a bridge constructed over a culvert passing under Lazelle Road, she hit a patch of ice, lost control of her van, slid off the road over the culvert, and crashed into the creek bed below. There are no warning signs, guardrails or expanded roadway where Lazelle Road passes over the culvert.
Appellant's complaint alleges, inter alia, that Columbus had a duty to keep Lazelle Road, the bridge, and the culvert open, in repair, and free from nuisance. Appellant further alleges that the culvert and road passing over it were negligently designed, constructed, and maintained and constituted a nuisance. Appellant concludes that her accident and resulting injuries were the direct and proximate result of Columbus's negligence and statutory violations and demands monetary damages against defendants jointly and severally.
Appellee moved for summary judgment The trial court granted appellee's motion and found no just cause for delay pursuant to Civ.R. 54(B).
Appellate court consideration of summary judgment motions isde novo. Helton v. Scioto Cty. Bd. Of Commrs. (1997), 123 Ohio App.3d 158,162. Pursuant to Civ.R. 56(C), summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in its favor. Civ.R. 56(C);State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181,183.
The Ohio legislature enacted R.C. Chapter 2744, the Political Subdivision Tort Liability Act, in response to the judicial abolishment of the doctrine of sovereign immunity. Franks v.Lopez (1994), 69 Ohio St.3d 345, 347. R.C. 2744.02(A) provides political subdivisions with a broad blanket of immunity from tort liability. Feitshans v. Darke Cty. (1996), 116 Ohio App.3d 14,22. Exceptions to division (A)'s blanket immunity are enumerated in R.C. 2744.02(B).
Appellant asserts that appellee is not immune from liability, but is liable under R.C. 2744.02(B)(3). At the time of appellant's accident, R.C. 2744.02(B)(3) provided:
 "Political subdivisions are liable for injury * * * caused by their failure to keep public roads, highways, streets, avenues, alleys, sidewalks, bridges, aqueducts, viaducts, or public grounds within the political subdivisions open, in repair, and free from nuisance * * *."
Appellant notes that the Ohio Department of Transportation'sLocation and Design Manual calls for a six-foot shoulder for roads such as Lazelle Road and recommends safety measures for drainage structures such as culverts. Lazelle Road and the culvert did not have these design specifications. Appellant asserts that the evidence regarding the condition of the road and culvert presents a genuine issue of material fact as to the existence of a nuisance.
In Lopez, the Supreme Court declined to expand its definition of "nuisance" as found in R.C. 2744.02(B)(3) "to embrace design and construction defects or the failure to erect signage or guardrails." Id. at 346.
The allegedly hazardous condition created by the road and culvert is due to the design of the road and culvert — not to their maintenance. As appellant notes in her brief, road shoulders and safety measures for drainage structures are matters of design. The Revised Code does not impose liability on appellee when it fails to comply with design standards; therefore, any failure on appellee's part to adhere to a design manual does not subject it to liability for personal injury. See R.C. 4722.02(B)(5).
Appellant's characterization of the culvert as a dangerous physical obstruction does not alter the fact that it is the road and culvert's design, not maintenance, that created the dangerous condition. The cases appellant relies upon are distinguishable. In Dickerhoof v. Canton (1983), 6 Ohio St.3d 128, the pothole in the shoulder of the road resulted from a failure to maintain the road, not a design defect. Adkins v.Ontario (1983), 8 Ohio St.3d 45, involves allegations that a guardrail had not been properly maintained. In Manufacturer'sNatl. Bank of Detroit v. Erie Cty. Road Comm. (1992), 63 Ohio St.3d 318, the court found a duty to use reasonable care to ensure that corn growing in a road's right-of-way does not obstruct the visibility of drivers on the roadway; this was a question of maintenance. Thompson v. Muskingum Cty. Bd. OfCommrs. (Nov. 12, 1998), Muskingum App. No. CT98-0010, unreported, concerns the maintenance of a road and its berm.
For the above reasons, this court finds that the alleged dangerous conditions at Lazelle Road and the culvert are design defects and cannot be a nuisance as a matter of law. Consequently, R.C. 2744.02(B)(3)'s exception to the blanket immunity bestowed upon appellee as a political subdivision does not apply.
Appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
PETREE, J., concurs.
TYACK, J., dissents.