¶ 28 I concur in the majority's analysis and disposition of appellants' assignments of error. However, absent from the majority's analysis is any discussion of appellants' claim appellees failed to maintain the culvert.
 {¶ 29} While the Franks case holds appellants' claims involving negligent design and construction defects are insufficient to constitute a nuisance and therefore sovereign immunity applies, a number of courts have restricted Franks' application to design and construction defects as distinguished from maintenance of roadways; e.g., Dickerhoof v. Canton
(1983), 6 Ohio St.3d 128; Adkins v. Ontario (1983), 8 Ohio St.3d 45; andThompson v. Muskingum Cty. Bd. of Comm'rs. (Nov. 12, 1998), Muskingum App. No. CT98-0010, unreported.
 {¶ 30} Appellants claim "Once the decision to construct the culvert was made, maintenance features such as concrete head walls with wing walls, a cement floor and concrete aprons would have prevented the erosion and scour that was certain to occur." Appellants' Brief at 8. While appellants characterize these features as maintenance, I find they essentially relate to design and construction defects. The Dickerhoof,Adkins, and Thompson cases are all significantly factually distinguishable and clearly involve maintenance issues. I do not find appellant's failure to maintain allegations fall outside the parameters established in Franks.