DICKERHOOF, ADMR., APPELLEE, v. CITY OF CANTON, APPELLANT.

[Cite as Dickerhoof v. Canton (1983), 6 Ohio St. 3d 128.]

(No. 82-1173—Decided August 3, 1983.)

Messrs. Black, McCuskey, Souers & Arbaugh, Mr. Randolph L. Snow and Mr. Gust Callas, for appellee.

Mr. Harry E. Klide, law director, and Mr. Ronald E. Stocker, for appellant.

CELEBREZZE, C.J. The issue presented is whether a complaint seeking to impose liability on a municipal corporation for injuries allegedly resulting from its negligence in failing to keep a shoulder of a highway in repair and free from nuisance states a claim for which relief can be granted. We must consider whether the trial court properly granted appellant's motion for judgment on the pleadings.

The standard for dismissing a complaint for failure to state a claim upon which relief can be granted was set forth in O'Brien v. University Community Tenants Union (1975), 42 Ohio St. 2d 242 [71 O.O.2d 223]. This court held that, "[i]n order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ. R. 12[B][6]), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." (Citation omitted.) After reviewing the complaint and considering the arguments presented, we find that the complaint is sufficient to state a claim for relief.

Sovereign immunity does not protect appellant from liability herein. In Haverlack v. Portage Homes, Inc. (1982), 2 Ohio St. 3d 26, this court abrogated the doctrine and held, in paragraph two of the syllabus, that "[t]he defense of sovereign immunity is not available, in the absence of a statute providing immunity, to a municipal corporation * * *" in a negligence action. There is no statute which gives a municipal corporation immunity in this situation. Therefore, the inquiry is whether appellant had a duty, imposed by statute or the common law, to keep the shoulder of the highway in repair and free from nuisance.

Long before the doctrine of sovereign immunity was abrogated in Haverlack, supra, the General Assembly imposed a statutory duty and provided a basis for actions against municipalities for negligence concerning highways. R.C. 723.01 provides: "Municipal corporations shall have special power to regulate the use of the streets. The legislative authority of such municipal corporation shall have the care, supervision, and control of public

highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts, and viaducts within the municipal corporation, and shall cause them to be kept open, in repair, and free from nuisance.''

Although liability has been imposed pursuant to this statute for other fact situations, this appears to be the first case concerning the shoulder of a highway.

In *Fankhauser* v. *Mansfield* (1969), 19 Ohio St. 2d 102, 108 [48 O.O.2d 103], the court stated that, ''* * * [a]s its object, *inter alia,* [R.C.] Section 723.01 places an obligation on a municipality to keep [its] highways and streets open for the purposes for which they were designed and built, *i.e.,* to afford the public a safe means of travel.'' The court concluded at page 109 that traffic lights are as important as ''median strips, safety islands, or guard rails.'' Applying this principle to the case *sub judice,* the question is whether appellant's obligation to keep the highway safe for travel includes responsibility for an enormous rut or chuckhole in the shoulder, abutting the major portion of the roadway.

Other cases have suggested that liability might be imposed under R.C. 723.01 when the defect or negligence occurs in the normally traveled portion of the road. In *Lovick* v. *Marion* (1975), 43 Ohio St. 2d 171 [72 O.O.2d 95], the court determined that a catch basin and drainage slope was not a part of the paved or traveled portion of the street and did not render the street unsafe for customary vehicular or pedestrian travel. Similarily, the court concluded in *Geideman* v. *Bay Village* (1966), 7 Ohio St. 2d 79 [36 O.O.2d 59], that because the street and sidewalk were reasonably safe for normal use, the city was not liable when an automobile driver negligently injured a person on a sidewalk.

The shoulder of a highway is designed to serve a purpose which may include travel under emergency circumstances. It is for the trier of fact to determine whether swerving to avoid a collision with an object in the highway and driving on the shoulder is a foreseeable and reasonable use of the shoulder. If so, a municipal corporation could be liable under R.C. 723.01 for failure to keep the shoulder in repair and free from nuisance, including a chuckhole, rendering the highway unsafe for travel.

Our conclusion is supported by this court's interpretation of the liability imposed by R.C. 305.12.[1] In *Ditmyer* v. *Bd. of County Commrs.* (1980), 64 Ohio St. 2d 146 [18 O.O.3d 372], the court determined at page 149 that the intent of the General Assembly was to abrogate immunity in matters concerning roads and bridges that have either deteriorated or been disassembled. In construing R.C. 305.12, the court cited cases in which liability was imposed for defects in the berm.[2] Because the liability imposed by R.C. 723.01 is

---

[1] R.C. 305.12 provides in pertinent part: ''* * * The board [of county commissioners] shall be liable, in its official capacity, for damages received by reason of its negligence or carelessness in not keeping any such road or bridge in proper repair * * *.''

[2] *Starling* v. *Bd. of County Commrs.* (1935), 53 Ohio App. 293 [7 O.O. 97] (rut in road berm),

broader than that imposed by R.C. 305.12, it is reasonable that R.C. 723.01 also includes responsibility to keep the berm or shoulder of the highway in repair and free from nuisance.[3]

Therefore, we hold that pursuant to R.C. 723.01, a municipal corporation may be liable for injuries resulting from its failure to keep the shoulder of a highway in repair and free from nuisance where such defect renders the highway unsafe for normal travel. Thus, a complaint seeking to impose liability on a municipal corporation for its alleged negligence in failing to keep the shoulder of a highway in repair and free from nuisance states a claim upon which relief can be granted. It is for the trier of fact to determine whether the defect in the shoulder of the highway constituted a nuisance for which appellant was responsible and whether the injuries resulted from the defect.[4] These questions are not properly determinable by a Civ. R. 12 motion.

Accordingly, the judgment of the court of appeals is affirmed and the cause is remanded to the trial court for further proceedings.

*Judgment affirmed.*

W. BROWN, SWEENEY, C. BROWN and J. P. CELEBREZZE, JJ., concur.

LOCHER, J., concurs in judgment only.

HOLMES, J., concurs in part and dissents in part.

HOLMES, J., concurring in part and dissenting in part. I concur as to paragraph two of the syllabus and those portions of the opinion relating to the statutory liability imposed upon municipal corporations by R.C. 723.01. However, I dissent as to the judicially imposed liability as set forth in paragraph one of the syllabus, and accordingly refer to my opinions in *King* v. *Williams* (1983), 5 Ohio St. 3d 137, and *Strohofer* v. *Cincinnati* (1983), 6 Ohio St. 3d 118.

---

and *Guernsey County Commrs.* v. *Black* (1911), 24 Ohio C.D. 164, affirmed (1913), 88 Ohio St. 587 (hole in road berm).

[3] In *Ditmyer,* at page 150, the court stated that R.C. 723.01 mandates that "municipalities 'shall cause them [roads] to be open, *in repair, and free from nuisance.'* (Emphasis added.)" Conversely, R.C. 305.12 does not impose a duty to keep a road free from nuisance.

[4] Appellee should have an opportunity to prove his allegations. It is not necessary for us to consider whether the chuckhole constituted a nuisance. Facts to be determined at the trial include whether the shoulder was paved, the proximity of the defect in the shoulder to the highway itself and the proximity of the defect to the object on the highway which appellee swerved to miss. Similarily, we need not consider the question of proximate cause.