SANCHEZ, ADMR., APPELLANT, *v.* CLARK COUNTY, APPELLEE.

(No. 2402 — Decided March 2, 1988.)

*Kent B. Schneider, Jay H. Salamon* and *David S. Daddona,* for appellant.

*David E. Smith,* for appellee.

FAIN, J.  Plaintiff-appellant Abel Sanchez, Administrator of the Estate of Trini Sanchez, appeals from a summary judgment entered in the Clark County Court of Common Pleas in favor of defendant-appellee Clark County, Ohio ("the county"). After reviewing the record, we conclude that a genuine issue of material fact existed as to whether the county is liable under R.C. 2744.02(B)(3) for permitting a stop sign located adjacent to a public road within its limits to become obscured by overhanging tree branches. Consequently, the summary judgment of the trial court will be reversed and this cause will be remanded for further proceedings.

I

On January 5, 1987, Sanchez filed a survival claim and wrongful death action against Clark County on behalf of the estate and beneficiaries of Trini Sanchez. The complaint alleged that on the morning of June 22, 1986, Trini Sanchez had been driving eastbound on Villa Road (County Road 374) toward the intersection of Villa Road and State Route 4. According to the complaint, Ms. Sanchez failed to stop and went into the intersection where her vehicle was struck by another vehicle travelling south on State Route 4. Trini Sanchez died as a result of injuries she sustained in the accident.

The complaint alleged that Trini Sanchez failed to stop at the intersection because a tree located on property adjacent to Villa Road had become overgrown and overhanging tree limbs obscured the stop sign for traffic on Villa Road. According to the complaint, the county had actual or constructive notice of the foliage blocking the stop sign and was therefore liable under R.C. 2744.02(B)(3) for failing to keep Villa Road free from nuisance.

The county filed a motion for summary judgment on June 8, 1987. San-

chez filed a brief in opposition. In a decision and entry filed August 6, 1987, the trial court held that there was no genuine issue of material fact and that the county was entitled to judgment as a matter of law. The trial judge stated his reasoning as follows:

"The Court finds under R.C. 2744.02(B)(3) liability is imposed only where injuries are caused by defects or obstructions in, upon or above the surface of the paved or traveled portions of the public road itself. Tree limbs not extending into, upon, or above the surface or travelled portions of a public road, even though said limbs partially obstruct the view of a stop sign located off to the side of the paved or traveled portion of the road do not constitute a defect or nuisance within the meaning of R.C. 2744.02(B)(3).

"A nuisance within the meaning of R.C. 2744.02(B)(3) must be a product of a condition or obstruction, in, upon or above the paved or traveled portion of the road itself and does not apply to obstruction of signs on right-of-way adjacent thereto.

"Therefore, since there is no defective condition in, upon or above the paved or traveled portion of the county road in this case, pursuant to R.C. 2744.02(A) the Defendant is immune from liability for tree limbs partially obstructing a stop sign erected to the side of the county road right-of-way."

From the summary judgment in favor of the county, Sanchez appeals.

## II

Sanchez's sole assignment of error is as follows:

"The trial court erred to plaintiff's prejudice in granting defendant's motion for summary judgment."

The relevant statute, R.C. 2744.02, provides in pertinent part as follows:

"(A)(1) For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.

"* * *

"(B) Subject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:

"* * *

"(3) Political subdivisions are liable for injury, death, or loss to persons or property caused by their failure to keep public roads, highways, streets, avenues, alleys, sidewalks, bridges, aqueducts, viaducts, or public grounds within the political subdivisions open, in repair, and free from nuisance, except that it is a full defense to such liability, when a bridge within a municipal corporation is involved, that the municipal corporation does not have the responsibility for maintaining or inspecting the bridge.

"* * *"

Sanchez argues on appeal that the duty imposed upon a political subdivision under R.C. 2744.02(B)(3) to keep its roads "free from nuisance" includes a duty to maintain any appurtenant traffic signs so that they are visible to motorists. According to Sanchez, the trial court's finding that

liability attaches under R.C. 2744.02 (B)(3) only where injury results from defects in, upon or above the paved surface or travelled portions of the road itself is unduly limited and contrary to the weight of authority. We agree.

Since R.C. 2744.02(B)(3) has not previously been the subject of judicial interpretation, we are guided in our analysis by cases construing R.C. 723.01, the municipal liability statute, which also uses the words "free from nuisance."[1] In *Fankhauser* v. *Mansfield* (1969), 19 Ohio St. 2d 102, 48 O.O. 2d 103, 249 N.E. 2d 789, the Ohio Supreme Court held that a cause of action would lie against a municipality for maintaining a nuisance in violation of R.C. 723.01 when it had notice of a malfunctioning traffic light which directly and proximately caused the plaintiffs' injuries. According to the court:

"Traffic control signals, in this day of swift travel by high powered vehicles, are as necessary to orderly travel in urban areas as the surface of the road itself. Perhaps, in the past, traffic signals were of less importance than now, but they are now as much a part of our streets and highways as median strips, safety islands, or guard rails. In view of the obvious degree of reliance now placed in traffic control devices by users of the streets, it is difficult to perceive a greater nuisance to orderly urban street travel than a nonfunctioning or malfunctioning traffic control device. To hold otherwise, on the basis that the device is physically not a part of the roadway, would defy logic and frustrate the manifest legislative intent to keep the streets and highways free from nuisance. To say that a nonoperative traffic signal at an intersection of city streets is not a nuisance, but that a chuck hole at the same intersection is a nuisance, would be an over-technical distinction." *Id.* at 109, 48 O.O. 2d at 107, 249 N.E. 2d at 793.

We are not persuaded by the county's argument that *Fankhauser* can be distinguished from the present case in that the traffic signal in *Fankhauser* was malfunctioning whereas the stop sign in this case, although partially blocked, was properly functioning. While it appears that the stop sign on Villa Road did not suffer from a physical defect, it may have been prevented from performing its intended function by virtue of the overhanging tree limbs. An obscured stop sign is as much an impediment to the safe flow of traffic as a malfunctioning traffic light or an obstruction in the road.

In support of its position that liability attaches under R.C. 2744.02 (B)(3) only when there is a defect or obstruction in the travelled portion of the road, the county primarily relies upon *Zupancic* v. *Cleveland* (1978), 58 Ohio App. 2d 61, 12 O.O. 3d 213, 389 N.E. 2d 861. In *Zupancic*, the Court of Appeals for Cuyahoga County held that the scope and application of R.C. 723.01 to streets and highways was limited to the actual physical structure of the street or highway and to physical obstructions or hindrances to travel thereon. The court further concluded that a defect in the street referred to the actual physical conditions existing in or on the street itself and

---

[1] R.C. 723.01 provides as follows:

"Municipal corporations shall have special power to regulate the use of the streets. The legislative authority of a municipal corporation shall have the care, supervision, and control of the public highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts, and viaducts within the municipal corporation, and the municipal corporation shall cause them to be kept open, in repair, and free from nuisance."

physical conditions upon and above the surface of the street. *Id.* at 63-64, 12 O.O. 3d at 215, 389 N.E. 2d at 863. Therefore, according to the court, the city of Cleveland could not be held liable under R.C. 723.01 for weeds and grass on a treelawn adjacent to a roadway that had become overgrown and obscured the vision of a driver. *Id.* at 69, 12 O.O. 3d at 218, 389 N.E. 2d at 866. However, it appears that the Court of Appeals for Cuyahoga County no longer adheres to the narrow view expressed in *Zupancic.* See *Senko* v. *Molitoris* (Oct. 15, 1981), Cuyahoga App. No. 43381, unreported,[2] and *Springer* v. *Cleveland* (Sept. 22, 1983), Cuyahoga App. No. 45685, unreported.[3]

In *Dickerhoof* v. *Canton* (1983), 6 Ohio St. 3d 128, 6 OBR 186, 451 N.E. 2d 1193, the Ohio Supreme Court held that under R.C. 723.01, a municipal corporation may be liable for injuries resulting from its failure to keep the shoulder of a highway in repair and free from nuisance, where such defect renders the highway unsafe for normal travel. However, in *Strunk* v. *Dayton Power & Light Co.* (1983), 6 Ohio St. 3d 429, 6 OBR 473, 453 N.E. 2d 604, the court stated that it was unwilling to extend a municipality's duty past the berm or shoulder of the roadway. The court held that a municipality's duty to keep its streets and highways open, in repair and free from nuisance did not extend to adjacent property. Therefore, according to the court, a municipality could not be held liable for injuries sustained in a collision with a utility pole located on property adjacent to the roadway.

In our opinion, a political subdivision's duty under R.C. 2744.02(B)(3) to keep its roads open, in repair and free from nuisance extends to adjacent property when a condition on the adjacent property makes the road unsafe for its usual and ordinary mode of travel. A traffic sign that has become blocked by foliage presents a definite hazard to travel. We note that our position finds support in cases from other jurisdictions which have considered statutes analogous to R.C. 2744.02(B)(3) in similar factual settings. See *Fretwell* v. *Chaffin* (Tenn. 1983), 652 S.W. 2d 755, and *Stephen* v. *City & Cty. of Denver* (Colo. 1983), 659 P. 2d 666.

"The appositeness of rendering a summary judgment hinges upon the tripartite demonstration: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Harless* v. *Willis Day*

---

[2] The court in *Senko* stated at 9:

"Thus, appellant is subject to liability to appellee under R.C. 723.01 if it is established the condition of Sprague Rd. at or near its intersection with Ridge Rd. was unreasonably dangerous as a result of appellant's negligence, although the stop signs may have been lawfully placed at the intersection. *If the overall condition of the intersection is found to be unsafe, appellant [municipality] is not immune from liability.*" (Emphasis added.)

[3] The court in *Springer* stated at 10:

"Appellee argues that a nuisance embraces only those conditions affecting the actual physical condition of the street itself * * *.

"More recent cases, however, have expanded this restrictive definition of nuisance." (Citing *Fankhauser* and *Senko, supra.*)

*Warehousing Co.* (1978), 54 Ohio St. 2d 64, 66, 8 O.O. 3d 73, 74, 375 N.E. 2d 46, 47. In this case there was some dispute concerning the extent to which the stop sign was obstructed. However, the Clark County Traffic Superintendent admitted at a deposition that was before the trial court for purposes of the summary judgment motion that the extent to which the stop sign was obstructed "represented a safety hazard for drivers on Villa Road." We conclude that when the evidence in this case is construed most favorably to Sanchez, there was a genuine issue as to whether conditions at the intersection of Villa Road and State Route 4

constituted a "nuisance" as that term is used in R.C. 2744.02(B)(3).[4]

The assignment of error is sustained.

### III

Sanchez's assignment of error having been sustained, the summary judgment in favor of the county will be reversed, and this cause will be remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

WILSON and BROGAN, JJ., concur.

---

[4] The issue of whether Clark County had actual or constructive notice of the alleged nuisance at the intersection of Villa Road and State Route 4 is not presented in this appeal. See *Plank* v. *Lowe* (July 16, 1986), Montgomery App. No. 9602, unreported.