After a fatal traffic accident in the city of Middletown, Butler County, plaintiff-appellee, Shira Sue Stevens, Administratrix of the Estate of Corey Banks, filed a wrongful death action against defendant-appellant, city of Middletown. Middletown moved for summary judgment on the basis of statutory political subdivision immunity. The Butler County Court of Common Pleas overruled the motion and Middletown appealed. We reverse the decision of the trial court and enter summary judgment on behalf of the city of Middletown.
On December 16, 1994, Emily Ackman, then age seventeen, was driving her parents' 1989 Oldsmobile Cutlass westbound on Old Roosevelt Road within the city of Middletown. It was raining heavily. The two passengers in the car were Robert Brewer and Corey Banks. Ackman drove to the top of a hill on Old Roosevelt Road and was driving "close to 40" m.p.h. At or near the top of the hill, Ackman braked to slow down. After reaching the bottom of that hill, Ackman felt her right front wheel leave the road and drop off the payment. Ackman turned her car to the left to return to the paved road. At the same time, a Dodge Ram truck was travelling east on Old Roosevelt Road and was crossing a bridge near the intersection of Old Roosevelt Road and Woodridge. Ackman crossed the center lane line, and the passenger side of her vehicle colliding with the Dodge Ram truck on Old Roosevelt Road. As a result of the accident, Corey Banks was killed.
The record shows that the north side of Old Roosevelt Road has edge drops which are between three and one-half and seven and one-half inches deep and are located north and south of the Woodridge/Old Roosevelt Road intersection. Appellee alleges that due to the negligent maintenance of the berm adjacent to Old Roosevelt Road, namely these edge drops, Emily Ackman caught her tire on the edge drop and was forced to swerve back on the paved road, causing the accident. Appellee alleges these edge drops constitute a nuisance which would remove Middletown's political subdivision immunity.
On December 30, 1996, Stevens, as the Administratrix of the Estate of Corey Banks, filed a complaint for the wrongful death of Banks.[1] Middletown moved for summary judgment alleging political subdivision immunity. The trial court overruled the motion and Middletown filed a timely appeal pursuant to R.C.2744.02(C), which provided that the denial of summary judgment based on a claim of political subdivision immunity constitutes a final appealable order.
Plaintiff-appellee, Shira Sue Stevens, subsequently filed two motions to dismiss this appeal for want of jurisdiction. For the reasons explained below, we find that neither motion to dismiss is well-taken and the trial court's decision constitutes a final appealable order.
As noted, on December 16, 1994, Corey Banks was killed in an automobile crash. Stevens filed a wrongful death action against Middletown, alleging an improperly maintained berm caused Banks' death. In 1996, the General Assembly passed R.C. 2744.02(C) as part of Am.Sub.H.B. No. 350 ("H.B. 350"). R.C. 2744.02(C) specifically allowed a political subdivision to appeal the denial of summary judgment where the motion was based on a claim of statutory immunity. The bill became effective on January 27, 1997. Middletown moved for summary judgment, arguing as a political subdivision statutory immunity applied. The trial court overruled the motion.
Middletown filed an interlocutory appeal under the authority of R.C. 2744.02(C). On August 10, 1999, Stevens filed a motion to dismiss for want of jurisdiction, arguing R.C. 2744.02(C) could not be retroactively applied to this case. On August 16, 1999, the Supreme Court of Ohio held that H.B. 350 was unconstitutionalin toto. State ex rel. Academy of Trial Lawyers v. Sheward
(1999), 86 Ohio St.3d 451. Accordingly, on August 25, 1999, Stevens filed a second motion to dismiss for want of jurisdiction, arguing that since H.B. 350, which included R.C. 2744.02(C), had been found unconstitutional, this court lacked subject matter jurisdiction over this appeal.
In appellee's second motion to dismiss for want of jurisdiction, appellant argues that R.C. 2505.02(B)(2) does not provide an alternative basis for jurisdiction. We disagree.
R.C. 2505.02(B)(2) provides that
 An order is a final order that may be reviewed, affirmed, modified or reversed, with or without retrial, when it is one of the following:
 An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment[.]
The parties have stipulated that an action by the trial court denying a municipality statutory immunity affects a "substantial right." The issue before this court is whether this case constitutes a "special proceeding." We find that jurisdiction vests under R.C. 2505.02(B)(2) because the "underlying action" in this case is a "special proceeding." See Walters v. TheEnrichment Center of Wishing Well, Inc. (1997), 78 Ohio St.3d 118,123. A "special proceeding" is defined as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2).
The underlying action in this case is a civil claim for wrongful death and survivorship. It is beyond question that neither one of these actions was known at common law and did not exist in law or equity prior to 1853. See Pittsburgh C. St. L.Ry. v. Hine (1874), 25 Ohio St. 629; Ohio Jurisprudence 3d, Actions, Section 126, p. 440. Therefore, the underlying action is a special proceeding and this court has subject matter jurisdiction pursuant to R.C. 2505.02(B)(2). Appellee's second motion to dismiss for want of jurisdiction is overruled. Appellee's first motion to dismiss is necessarily overruled as moot.
We now turn to appellant's assignment of error:
 THE TRIAL COURT ERRED IN DENYING THE CITY OF MIDDLETOWN'S MOTION FOR SUMMARY JUDGMENT.
The trial court found that Middletown was not entitled to summary judgment based on the claim of political subdivision immunity. Pursuant to Civ.R. 56(C), "the appositeness of rendering summary judgment hinges upon the tripartite demonstration: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66. We review the trial court's decision to deny summary judgment de novo. Jones v.Shelley Co. (1995), 106 Ohio App.3d 440, 445.
R.C. 2744.02(A)(1) provides blanket immunity for political subdivisions, except as provided in the enumerated exceptions of R.C. 2744.02(B). The parties agree the relevant exception this court must consider is R.C. 2744.02(B)(3), which states as follows:
 Political subdivisions are liable for injury, death, or loss to persons or property caused by their failure to keep public roads, highways, streets, avenues, alleys, sidewalks, bridges, aqueducts, viaducts, or public grounds within the political subdivision open, in repair, and free from nuisance[.]
Therefore, the question before this court is whether the maintenance of the berm constituted a nuisance within the meaning of R.C. 2744.02(B)(3). In Franks v. Lopez (1994), 69 Ohio St.3d 345, the Supreme Court of Ohio reviewed the scope of a political subdivision's legal responsibility for keeping the public roadways "free from nuisance." The court did not address the type of nuisance appellee is alleging in this case, but, in dicta, stated as follows:
 Overhanging branches and foliage which obscure traffic signs, malfunctioning traffic signals, signs which have lost their capacity to reflect, or even physical impediments such as potholes, are easily discoverable, and the elimination of such hazards involves no discretion, policy-making or engineering judgment. The political subdivision has the responsibility to abate them and it will not be immune from liability for its failure to do so.
 Id. at 349.
In Manufacturer's Natl. Bank of Detroit v. Erie Cty. RoadComm. (1992), 63 Ohio St.3d 318, paragraph one of syllabus, the court held that "[a] permanent obstruction to visibility" within the "right-of-way" which renders a road "unsafe for the usual and ordinary course of travel" can constitute a nuisance.
In Dickerhoof v. Canton (1983), 6 Ohio St.3d 128, paragraph two of the syllabus, the court held that a political subdivision may be liable for failure to keep the shoulder of the highway in proper repair and free from nuisance. Dickerhoof was decided before the current immunity statute and the court was interpreting R.C. 723.01, since repealed. Nevertheless, former R.C. 723.01
utilized similar language as R.C. 2744.02(B)(3), including the phrase "free from nuisance," and therefore is instructive on the scope of a nuisance. In Dickerhoof, the decedent was traveling by motorcycle on an interstate highway, swerved to avoid an object in the road, and had to drive on the shoulder of the highway. Id. at 128. The motorcycle hit "a chuckhole approximately 18 feet 2 inches long, 16 inches wide and 6 inches deep, which immediately abutted the roadway." Id.
In Valescu v. Cleveland Metroparks System (1993), 90 Ohio App.3d 516, the court was faced with the scope of the nuisance exception to political subdivision immunity, R.C. 2744.02(B)(3). A motorcycle driver "left the traveled portion of the road and crossed two feet of paved berm." Id. at 519. The motorcycle left marks in the gravel at the side of the paved road. Id. The motorcycle driver drove off the road a second time and was eventually killed when he crossed a driveway and drove directly into a street light. Id. The trial court granted a directed verdict for Cleveland Metroparks System. On appeal, it was argued that the road was in disrepair and constituted a nuisance. Id. at 520. The pavement was six inches higher than the level of the gravel on the shoulder. The appellate court concluded that "[t]he wearing of the chip and seal berm and the lower level of the sloping gravel do not clearly constitute the kind of nuisances which would allow appellant to rebut CMS's defense of sovereign immunity." Id. at 521. Similarly, in Henricks v. Wyrick (Oct. 20, 1995), Fulton App. No. F-95-004, unreported, the court held that a five-inch drop off between the road and the grass adjacent to the road did not constitute a nuisance.
Upon reviewing the record, we do not find the state of the berm of Old Roosevelt Road near the Woodridge intersection constitutes a nuisance within the meaning of R.C. 2744.02(B)(3). The edge drop in this case is not analogous to a significant chuckhole or pothole on or adjacent to a roadway, nor does it constitute an obstruction to a driver's normal visibility within the right of way. We also do not believe an edge drop on a city road constitutes a failure to keep the road "free from nuisance" within the meaning of the holding in Dickerhoof. Therefore, we find Middletown is entitled to political subdivision immunity pursuant to R.C 2744.02(A)(1) and the exception in R.C.2744.02(B)(3) does not apply as a matter of law. The assignment of error is well-taken and Middletown is entitled to summary judgment.
Appellee filed a cross-assignment of error:
 THE TRIAL COURT'S DENIAL OF SUMMARY JUDGMENT SHOULD BE UPHELD.
In the cross-assignment of error, appellee argues that an issue of fact exists about whether the defense of R.C.2744.03(A)(5) applies. R.C. 2744.03(A)(5) provides political subdivisions with a defense, by allowing "judgment or discretion" in using resources, unless the decision was made in a "wanton or reckless" manner. However, we have concluded that the edge drops do not constitute a nuisance pursuant to R.C. 2744.02(B)(3). Therefore, we need not address possible defenses available to Middletown. The cross-assignment of error is overruled.
Judgment reversed and summary judgment entered in favor of the city of Middletown.
YOUNG and VALEN, JJ., concur.
[1] We note that the complaint was brought under R.C.2125.01, et seq., Action for Wrongful Death, and R.C. 2305.21, Survival of Action. As we explain in the jurisdiction portion of this opinion, actions filed on behalf of a deceased party were unknown at common law.