Since I believe that the evidence before the trial court demonstrated genuine issues of material fact as to the liability of the city of Franklin, I find that summary judgment was improper. Therefore, I respectfully dissent from the majority opinion.
In Stevens v. Ackman (Dec. 20, 1999), Butler App. No. CA99-03-053, unreported, at 9, this court found that an edge drop (which varied between three and one-half and seven and one-half inches) on a city road did not constitute a failure to keep the road "free from nuisance." A conflict has been certified to the Supreme Court of Ohio between our decision in Stevens and the decision of the Fifth District Court of Appeals in Thompson v.Muskinghum Cty. Bd. of Commrs., 1998 WL 817826, (Nov. 12, 1998), Muskinghum App. No. CT98-0010, unreported.
In Thompson, a driver of a UPS truck sustained severe and permanent injuries when his vehicle crashed into a wall on the side of a public road. Thompson at *1. In his complaint, Thompson asserted that the Muskingum County Board of Commissioners "negligently caused and permitted to exist unreasonably dangerous conditions in the road surface, including * * * an unsafe berm, improper height of the pavement edge, no edge markings, lack of guardrail and no warnings of the condition of the roadway by way of appropriate signage." Id. The court of appeals reversed the trial court's entry of summary judgment for reason that genuine issues of material fact remained to be resolved the trier of fact.Id. at *4. The court of appeals relied upon Dickerhoof v. City ofCanton (1983), 6 Ohio St.3d 128, in which the Supreme Court of Ohio held that:
 [A] municipal corporation may be liable for injuries resulting from its failure to keep the shoulder of the highway in repair and free from nuisance where such defects renders the highway unsafe for normal travel * * * It is for the trier of fact to determine whether the defect in the shoulder of the highway constituted a nuisance for which [the City] was responsible and whether the injuries resulted from the defect.
 Thompson at *3, quoting Dickerhoof at 131. The Thompson court acknowledged the board of commissioners' contention that Franksv. Lopez (1994), 69 Ohio St.3d 345, supports the argument that a drop-off is not a nuisance as a matter of law under R.C.2744.02(B)(3). Thompson at *4, fn. 2. Noting that Franks did not overrule Dickerhoof, the court of appeals found that Franks
did not bar the board of commissioners from liability based upon the facts of that case. Id.
I was a member of the panel that decided Stevens v. Ackman. I have reviewed this court's analysis in Stevens and have reconsidered my position on this issue. I find that my opinion on the issue has changed, and I now believe that an edge drop on the berm of a public road may constitute a "nuisance" under R.C.2744.02(B)(3).
Before liability may be imposed upon a political subdivision in a nuisance case, it must also be shown that the political subdivision had actual or constructive notice of the nuisance and failed to remedy the problem. Vogel v. Wells (1991), 57 Ohio St.3d 91,97. In this case, the general contractor's contract included resurfacing but did not include berm work to remedy to the edge drop. The city was responsible for completing the berm. As the majority noted, there were no signs, barrels, cones, or temporary edge lines on the road, which remained open to traffic during construction. These facts support a finding that the city knew about the edge drop and failed to remedy the problem.
I believe that summary judgment was inappropriate. A jury could determine that the seven-inch edge drop was an obvious danger to the public and that the city failed to take steps to ensure that the area was safe for traffic. I would reverse the trial court's judgment and remand the case for further proceedings. Because the majority holds otherwise, I respectfully dissent.