[Cite as *Riemer v. Ohio Dept. of Transp. D-12*, 2009-Ohio-7186.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

FRANCES RIEMER

     Plaintiff

     v.

OHIO DEPT. OF TRANSPORTATION D-12

     Defendant

     Case No. 2009-07041-AD

Deputy Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

{¶ 1}  On June 11, 2009, at approximately 6:00 p.m., plaintiff, Frances Riemer, was traveling east on Interstate 90 in Lake County through a construction zone when her 2008 Mercedes Benz C300W4 struck a raised sewer grate causing tire and wheel damage to the vehicle.  The existing asphalt roadway pavement through the construction zone had been milled in preparation for repaving with new asphalt overlay and the sewer grate plaintiff's car struck had been left higher than the roadway surface due to the milling process.  Plaintiff pointed out the exposed sewer grate was raised at least six inches above the roadway surface after milling operations were completed.  Plaintiff recalled there were no pavement markings delineating lanes on the milled roadway surface and her vehicle  struck the exposed sewer grate while she was attempting to change lanes to exit from Interstate 90 onto State Route 91.  Plaintiff further recalled the sewer grate "remained unmarked (and) exposed . . . for several weeks after the incident."  Plaintiff specifically located the damage-causing sewer grate at "189 mile marker, approx. 200 feet south of it in the eastbound roadway prior to actual exit (SR 91)."  Plaintiff contended the damage to her car was proximately caused

by negligence on the part of defendant, Department of Transportation (ODOT), in failing to notify motorists of the existence of the raised sewer grate by ensuring proper lane markings were in place and placing signage or traffic control to advise motorists of the condition created by the roadway milling. Plaintiff filed this complaint seeking to recover $514.25, the total cost of replacement parts she incurred resulting from the June 11, 2009 incident. The filing fee was paid.

{¶ 2} Defendant acknowledged that the area where plaintiff's described damage event occurred was located within the limits of a construction project under the control of ODOT contractor, The Shelly Company (Shelly). Defendant explained the particular project "dealt with grading, planning and resurfacing with asphalt concrete on I-90 between county mileposts 1.88 to 7.80 in Lake County." Defendant asserted that Shelly, by contractual agreement, was responsible for any roadway damage occurrences or mishaps within the construction zone. Therefore, ODOT argued that Shelly is the proper party defendant in this action. Defendant implied all duties such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway. All work by the contractor was to be performed in accordance with ODOT mandated specifications and requirements and subject to ODOT approval.

{¶ 3} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 4} Defendant has the duty to maintain its highways in a reasonably safe

condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. DOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contention that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

**{¶ 5}** Alternatively, defendant argued that neither ODOT nor Shelly had any knowledge "of an exposed sewer grate on I-90 prior to plaintiff's incident." Defendant denied receiving any calls or complaints regarding a defective condition caused by an exposed sewer grate. Defendant argued plaintiff failed to produce evidence to establish her property damage was caused by conduct attributable to either ODOT or Shelly.

**{¶ 6}** Records show Shelly performed milling operations on the eastbound lanes of Interstate 90 during the early morning hours of June 11, 2009 with Shelly subcontractor, Trafftech, Inc., applying temporary pavement markings on the roadway and channelization on that same day. Shelly representative, Russell Sherman, Assistant Safety Director, drafted a letter (copy submitted) in reference to plaintiff's claim and noted the casting (sewer grate) plaintiff's vehicle struck "was padded with temporary material and is in the marked gore area not in a traveled lane." Sherman reported the casting was padded with cold patch material after the roadway surface was milled on June 11, 2009. Sherman explained the milling operation was performed "according to the Ohio Department of Transportation specifications" and his investigation "found that there was nothing out of the ordinary on the above reference project on the day the alleged damage occurred." Sherman provided photographs of the roadway area taken on September 3, 2009 after repaving had been completed and the roadway surface had been lined with pavement markings. The photographs depict

the casting (sewer grate) clearly showing it within an area of roadway not intended for travel.

{¶ 7}   Plaintiff filed a response insisting "there were no pavement markings, lane markings or any other area markings on the newly asphalted roadway" at the time of her June 11, 2009 property damage incident.  Plaintiff submitted a handwritten statement from her husband, Dennis Kaufman, who recorded he drove on Interstate 90 through the construction zone on or about June 11, 2009 and did not observe any lane markings.  Kaufman related the "sewer grate in question was totally exposed and raised up at least 6-8 inches from the road that had been removed."  Kaufman denied observing any "barrier or protection over the sewer grate."

{¶ 8}   Generally, in order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident.  *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388.  Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct.  *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR64, 507 N.E. 2d 1179.  However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively cause such condition.  See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861.  Plaintiff, in the instant claim, has alleged that the damage to her vehicle was directly caused by construction activity of ODOT's contractor on June 11, 2009.  The evidence available also establishes plaintiff's incident occurred during daylight hours on a portion of the roadway not intended for regular travel.  Evidence is conflicting in regard to the issue of whether or not the alleged damage-causing casting (sewer grate) was padded with cold patch material.

{¶ 9}   In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether ODOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public.  *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112.  In fact, the duty to render the highway free from unreasonable risk of harm is the precise duty owed by ODOT to the traveling public both under normal

traffic conditions and during highway construction projects. See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462.

{¶ 10} "If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327.

{¶ 11} This court has previously held that the Department of Transportation is not to be held liable for damages sustained by individuals who suffered property damage from a defective condition located off the portion of roadway intended for travel. *Colagrossi v. Department of Transportation* (1983), 82-06474-AD. Generally, a plaintiff is barred from recovery for property damage caused by a defect or any condition located off the traveled portion of the roadway.

{¶ 12} The gore area of a highway is designed to serve a purpose which may include travel under emergency circumstances. It is for the trier of fact to determine whether driving on the shoulder is a foreseeable and reasonable use of the gore area of the highway. *Dickerhoof v. City of Canton* (1983), 6 Ohio St. 3d 128, 6 OBR 186, 451 N.E. 2d 1193. If a plaintiff sustains damage because of a defect located off the marked, regularly traveled portion of a roadway, a necessity for leaving the roadway must be shown. *Lawson v. Department of Transportation* (1977), 75-0612-AD. Plaintiff, in the present action, has failed to produce an adequate reason for driving on a roadway area not generally intended for travel despite the fact pavement markings may or may not have been present. Evidence available seems to point out the roadway area was maintained properly under ODOT specifications. Plaintiff failed to prove her damage was proximately caused by any negligent act or omission on the part of ODOT or its agents. See *Wachs v. Dept. of Transp., Dist. 12*, Ct. of Cl. No. 2005-09481-AD, 2006-Ohio-7162; *Nicastro v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-09323-AD, 2008-Ohio-4190. The evidence tends to show the sole cause of plaintiff's damage was her own driving maneuver. See *Yokey v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2004-07425-AD, 2005-Ohio-456; also *Lenaghan v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-06071-AD,

2008-Ohio-1206.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

FRANCES RIEMER

Plaintiff

v.

OHIO DEPT. OF TRANSPORTATION, D-12

Defendant

Case No. 2009-07041-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Frances Riemer
38310 Ridge Road
Willoughby, Ohio  44094

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
10/28
Filed 12/22/09
Sent to S.C. reporter 4/7/10