[Cite as *Inboden v. Ohio Dept. of Transp.*, 2011-Ohio-2130.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

NICHOLAS A. INBODEN

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

Case No. 2010-11269-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION

{¶ 1} Plaintiff, Nicholas A. Inboden, filed this action against defendant, Department of Transportation (ODOT), contending that the right front rim on his Oldsmobile Delta 88 was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on Interstate 270 in Franklin County. In his complaint, plaintiff described his damage incident noting that he "was exiting 270 So @ West Broad Street to go east and hit a giant pothole on curve of exit." The roadway defect plaintiff described dented the rim on his vehicle. Plaintiff submitted photographs depicting a dented right front rim on an Oldsmobile Delta 88. Plaintiff recalled that the particular damage event occurred on August 29, 2010 between 2:30 p.m. and 3:00 p.m. Plaintiff pointed out that one replacement rim for his car was priced at $400.00. Plaintiff requested damage recovery in the amount of $1,600.00, the stated cost of four replacement rims. The filing fee was paid.

{¶ 2} Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to plaintiff's August 29, 2010 described occurrence. Defendant located the particular

pothole "at milepost 7.04 on I-270 in Franklin County." Defendant explained that ODOT records show no reports of a pothole at the location recorded prior to plaintiff's damage event. Defendant related that ODOT received thirteen complaints of potholes on Interstate 270 "from July to August 2010 but none of them are in the same location as plaintiff's incident." Defendant advised that no prior reports of a pothole at milepost 7.04 were received despite the fact that "[t]his section of roadway has an average daily traffic count between 86,430 and 99,360 vehicles."

{¶ 3} Defendant argued that plaintiff did not provide any evidence to establish the length of time the particular pothole at milepost 7.04 was present on the roadway prior to August 29, 2010. Defendant suggested that, "it is more likely than not the pothole existed in that location for only a relatively short amount of time before plaintiff's incident." Defendant submitted photographs depicting the roadway area at milepost 7.04 on Interstate 270. Defendant advised these photographs show that "the alleged pothole is past the white line and is not (on) the traveled portion of the road." The trier of fact, after reviewing the submitted photographs, finds that any roadway defects depicted appear on the roadway berm area not intended for travel and clearly outside the demarcated traveled portion to be used by motorists.

{¶ 4} Additionally, defendant contended that plaintiff did not offer any evidence to prove that the roadway was negligently maintained. Defendant advised that the ODOT "Franklin County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently, no potholes were discovered in the vicinity of plaintiff's incident the last time that section of roadway was inspected prior to August 29, 2010. Defendant asserted that plaintiff did not prove his property damage was attributable to any conduct on the part of ODOT personnel. Defendant stated that, "[a] review of the six-month maintenance history (record submitted) for the area in question reveals that six (6) pothole patching operations were conducted in the same location as plaintiff's incident which was the southbound direction." Defendant's submitted records show ODOT crews patched potholes in the vicinity of plaintiff's damage occurrence on March 3, 2010, March 15, 2010 (twice), March 17, 2010, April 9, 2010, and May 15, 2010. Defendant noted, "that if ODOT personnel had detected any defects they would have been promptly scheduled for repair."

{¶ 5} Plaintiff filed a response. Plaintiff noted that the "pothole was at the end of the ramp on Broad Street going east." Plaintiff did not dispute the contention that the defect his vehicle struck was located on an area not intended for travel. Plaintiff did not offer any evidence to establish the length of time the particular damage-causing defect existed prior to 2:30 p.m. on August 29, 2010.

{¶ 6} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 7} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 8} Generally, in order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, this notice standard regarding liability for pothole damage usually applies under circumstances where the damage is caused by a defect located on the traveled portion of the roadway.

{¶ 9} This court has previously held that the Department of Transportation is not

to be held liable for damages sustained by individuals who suffered property damage from a defective condition located off the portion of roadway intended for travel. *Colagrossi v. Department of Transportation* (1983), 82-06474-AD. Generally, a plaintiff is barred from recovery for property damage caused by a defect or any condition located off the traveled portion of the roadway. In the instant claim, it appears from the photographic evidence provided that the pothole plaintiff's car struck was located on the roadway berm area. This area is designed to serve a purpose which may include travel under emergency circumstances. It is for the trier of fact to determine whether driving on the shoulder is a foreseeable and reasonable use of the berm area of the highway. *Dickerhoof v. City of Canton* (1983), 6 Ohio St. 3d 128, 6 OBR 186, 451 N.E. 2d 1193. If a plaintiff sustains damage because of a defect located off the marked, regularly traveled portion of a roadway, a necessity for leaving the roadway must be shown. *Lawson v. Department of Transportation* (1977), 75-0612-AD. Plaintiff, in the present action, has failed to produce an adequate reason for driving on a roadway area not generally intended for travel. Considering the damage-causing pothole was indeed located outside the traveled portion of the roadway, plaintiff's claim is denied. Under this factual scenario, the evidence tends to show the sole cause of plaintiff's damage was his own driving maneuver. See *Yokey v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2004-07425-AD, 2005-Ohio-456; also *Lenaghan v. Ohio Dept. of Transp.,* Ct. of Cl. No. 2007-06071-AD, 2008-Ohio-1206.

{¶ 10} Considering that plaintiff could prove his car was damaged by a pothole located on the roadway travel area, in order to recover he would need to establish that either: 1) defendant had actual or constructive notice of the pothole and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. There is no proof defendant had actual notice of the pothole on Interstate 270 prior to August 29, 2010.

{¶ 11} Therefore, to find liability, plaintiff must prove that ODOT had constructive notice of the defect. The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶ 12} In order for there to be constructive notice, plaintiff must show that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD. Size of the defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. No evidence has shown that ODOT had constructive notice of the pothole.

{¶ 13} Additionally, there is no evidence of negligent maintenance. The fact that defendant's "Maintenance History" reflects pothole repairs were made in the vicinity of plaintiff's incident on various occasions does not prove negligent maintenance of the roadway on the part of ODOT. Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage plaintiff may have suffered from the pothole.

{¶ 14} In the instant claim, plaintiff has failed to introduce sufficient evidence to prove that defendant maintained known hazardous roadway conditions. Plaintiff failed to prove that his property damage was connected to any conduct under the control of defendant, or that defendant was negligent in maintaining the roadway area, or that there was any actionable negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD. Consequently, plaintiff's claim is denied.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

NICHOLAS A. INBODEN

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant
    Case No. 2010-11269-AD

Clerk Miles C. Durfey

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
MILES C. DURFEY
Clerk

Entry cc:

Nicholas A. Inboden
5243 Taylor Lane
Hilliard, Ohio  43026

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
1/20
Filed 2/8/11
Sent to S.C. reporter 4/29/11