**[Cite as *Elliott v. Ohio Dept. of Transp.*, 2011-Ohio-4149.]**



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JENNIFER ELLIOTT

   Plaintiff

   v.

OHIO DEPARTMENT OF TRANSPORTATION

   Defendant

   Case No. 2010-10301-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

### FINDINGS OF FACT

{¶1}   On June 8, 2010, at approximately 1:00 p.m., plaintiff's daughter, Justine Foust, was driving north on State Route 23 and took the State Route 95 exit where, allegedly at the end of the exit, her automobile struck a pothole causing tire and rim damage.  Plaintiff's daughter related the damage-causing pothole was located at the end of the exit "in the right turning lane."

{¶2}   Plaintiff's daughter implied the damage to her car was proximately caused by negligence on the part of defendant, Department of Transportation (DOT), in failing to maintain the roadway exit ramp free of hazardous conditions.  Consequently, plaintiff filed this complaint seeking to recover $1,600.00, the cost of replacement custom rims and a tire.  The filing fee was paid.

{¶3}   Defendant denied liability in this matter based on the contention no DOT personnel had any knowledge of the particular damage-causing pothole prior to plaintiff's daughter's incident.  Defendant suggested, "it is more likely than not that the

pothole existed in that location for only a relatively short amount of time before [Justine's] incident." Defendant's investigation revealed that during the six-month period prior to Justine's incident, ODOT personnel conducted seven (7) pothole patching operations in the general vicinity of the SR 23 exit ramp to SR 95.

{¶4} Defendant also suggested that the particular damage-causing roadway defect may have been located off the traveled portion of the roadway. Defendant submitted photographs that were taken on February 14, 2011, which depict several unrepaired potholes located off the traveled portion of the roadway. The specific defects photographed appear clearly outside the lane of travel and outside of the white painted roadway edgeline.

CONCLUSIONS OF LAW

{¶5} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶6} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise conditions or defects alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence that defendant had actual notice of the pothole on SR 23/SR 95 exit ramp prior to the afternoon of June 8, 2010.

{¶7} Therefore, to find liability, plaintiff must prove that ODOT had constructive notice of the defect. The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶8} In order for there to be constructive notice, plaintiff must show that sufficient time has elapsed after the dangerous condition appears, so that under the

circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD . Size of the defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard* at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. No evidence has shown that ODOT had constructive notice of the pothole.

{¶9} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the potholes and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has failed to prove her daughter's property damage was caused by any negligence on the part of defendant.

{¶10} This court has previously held that the Department of Transportation is not to be held liable for damages sustained by individuals who used the berm or shoulder of a highway for travel without adequate reasons. *Colagrossi v. Department of Transportation* (1983), 82-06474-AD. Generally, a plaintiff is barred from recovery for property damage caused by a defect or any condition located off the traveled portion of the roadway.

{¶11} The shoulder of a highway is designed to serve a purpose which may include travel under emergency circumstances. It is for the trier of fact to determine whether driving on the shoulder is a foreseeable and reasonable use of the shoulder of the highway. *Dickerhoof v. City of Canton* (1983), 6 Ohio St. 3d 128, 6 OBR 186, 451 N.E. 2d 1193. In the case at bar, assuming Justine drove over the potholes located on the berm, neither plaintiff or her daughter has offered a reasonable explanation for driving on the berm area of a roadway.

{¶12} Thus if Justine drove off the marked traveled portion of the highway, based on the rationale of *Colagrossi*, (1983), 82-06474-AD, this case must be denied. If a plaintiff sustains damage because of a defect located off the marked, regularly

traveled portion of a roadway, a necessity for leaving the roadway must be shown. *Lawson v. Department of Transportation* (1977), 75-0612-AD. Inadvertent travel based on inattention is not an adequate reason or necessity for straying from the regularly traveled portion of the roadway. *Smith v. Ohio Department of Transportation* (2000), 2000-05151-AD, *Berwanger v. Ohio Dept. of Transp.,*Ct. of Cl. No. 2007-07396-AD, 2008-Ohio-1602.



Court of Claims of Ohio
The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JENNIFER ELLIOTT

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant

     Case No. 2010-10301-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

     Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Jennifer Elliott               Jerry Wray, Director
313 Center Street          Department of Transportation

Cardington, Ohio  43315

1980 West Broad Street
Columbus, Ohio  43223

SJM/laa
4/15
Filed 5/24/11
Sent to S.C. reporter 8/19/11