[Cite as *Salcius v. Ohio Dept. of Transp.*, 2009-Ohio-7166.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DEANNA M. SALCIUS

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2009-06958-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Deanna M. Salcius, related she was traveling west on US Route 20 in Painesville Township in Lake County at 2495 North Ridge Road, when her 2008 Ford Taurus SEL, "swerved a bit right brushing against a small section of curb and brushing the right front tire" of the vehicle. Plaintiff pointed out soon "realized I had a flat tire" and when she pulled over she discovered the 2008 Ford Taurus SEL had two flat tires. Plaintiff explained she went back to 2495 North Ridge Road to look at the curb area her car struck and observed "a large pothole along with a sewer drain and the curb." Plaintiff submitted photographs of the roadway area at 2495 North Ridge Road that depict an asphalt topped sewer drain located entirely outside of the regularly traveled portion of the roadway. Plaintiff recalled her damage incident occurred at approximately 2:24 p.m. on July 7, 2009. Plaintiff implied the damage to her automobile, which consisted of tire and wheel damage, was proximately caused by negligence on the part of defendant, Department of Transportation (ODOT), in maintaining a defective condition on US Route 20. Plaintiff filed this complaint seeking to recover $810.62, the total cost of replacement parts and related repair expenses.

Plaintiff acknowledged she maintains insurance coverage for automotive repair costs with a $500.00 deductible and has received reimbursement in the amount of $310.62 from her insurance carrier. Consequently, pursuant to R.C. 2743.02(D)[1] plaintiff's damage claim is limited to $500.00. The filing fee was paid.

{¶ 2} Defendant denied liability based on the contention that no ODOT personnel had any knowledge of "a deficient sewer grate on US 20 prior to plaintiff's incident." Defendant asserted plaintiff failed to offer any evidence to establish her property damage was proximately caused by any conduct attributable to ODOT. Additionally, defendant pointed out the sewer grate plaintiff's vehicle struck is clearly outside the portion of the roadway intended for travel and consequently, ODOT may not be held liable for damage caused by conditions located off the roadway. Defendant submitted photographs depicting the sewer grate condition that clearly shows the sewer grate is located outside the traveled portion of the roadway. The photographs also depict a small area of roadway pavement deterioration along the white painted road edgeline. This small deterioration does not appear to have been causally related to any of the property damage claimed. Defendant argued plaintiff failed to prove her property damage was caused by ODOT breaching any duty of care owed to the traveling public in regard to roadway maintenance.

{¶ 3} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573, 788 N.E. 2d 1088, ¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only

---

[1] R.C. 2743.02(D) states:

"(D) Recoveries against the state shall be reduced by the aggregate of insurance proceeds, disability award, or other collateral recovery received by the claimant. This division does not appy to civil actions in the court of claims against a state university or college under the circumstances described in section 3345.40 of the Revised Code. The collateral benefits provisions of division (B)(2) of that section

a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 4} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 5} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

{¶ 6} Ordinarily in a claim involving roadway defects, plaintiff must prove either: 1) defendant had actual or constructive notice of the defective condition and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. However, the particular standard of proof applies in situations where a motorist suffers damage from a defective condition located on the traveled portion of the roadway. Evidence in the instant claim establishes that the sewer grate plaintiff's car struck was located entirely on the roadway berm.

{¶ 7} This court has previously held that the Department of Transportation is not to be held liable for damages sustained by individuals who used the berm or shoulder of a highway for travel without adequate reasons. *Colagrossi v. Department of Transportation* (1983), 82-06474-AD. Generally, a plaintiff is barred from recovery for property damage caused by a defect or any condition located off the traveled portion of the roadway.

{¶ 8} The shoulder of a highway is designed to serve a purpose which may

apply under those circumstances."

include travel under emergency circumstances. It is for the trier of fact to determine whether driving on the shoulder is a foreseeable and reasonable use of the shoulder of the highway. *Dickerhoof v. City of Canton* (1983), 6 Ohio St. 3d 128, 6 OBR 186, 451 N.E. 2d 1193. If a plaintiff sustains damage because of a defect located off the marked, regularly traveled portion of a roadway, a necessity for leaving the roadway must be shown. *Lawson v. Department of Transportation* (1977), 75-0612-AD. Inadvertent travel based on inattention is not an adequate reason or necessity for straying from the regularly traveled portion of the roadway. *Smith v. Ohio Department of Transportation* (2000), 2000-05151-AD.

{¶ 9} Defendant may bear liability if it can be established if some act or omission on the part of ODOT or its agents was the proximate cause of plaintiff's injury. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 10} "If any injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327. Evidence available tends to point out the roadway was maintained properly under ODOT specifications. Plaintiff failed to prove her damage was proximately caused by any negligent act or omission on the part of ODOT or its agents. See *Wachs v. Dept. of Transp., Dist. 12*, Ct. of Cl. No. 2005-09481-AD, 2006-Ohio-7162; *Vanderson v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2005-09961-AD, 2006-Ohio-7163; *Shiffler v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-07183-AD, 2008-Ohio-1600. In fact, the sole cause of plaintiff's damage was her own negligent driving. See *Wieleba-Lehotzky v. Ohio Dept. of Transp., Dist. 7*, Ct. of Cl. No. 2007-07183-AD, 2004-Ohio-4129. Plaintiff has not proven defendant maintained a hidden roadway defect. *Clevenger v. Ohio Dept. of Transportation* (1999), 99-12049; *Sweney v. Ohio Dept. of Transp., Dist. 8* (2009), 2009-03649-AD.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DEANNA M. SALCIUS

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2009-06958-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Deanna M. Salcius
1712 Heather Road
Madison, Ohio  440575

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
10/12
Filed 11/17/09
Sent to S.C. reporter 3/5/10