[Cite as *Riggs v. Ohio Dept. of Transp., Dist. 1*, 2012-Ohio-3221.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DOUGLAS RIGGS

    Plaintiff

    v.

OHIO DEPT. OF TRANSPORTATION, DISTRICT 1

    Defendant

    Case No. 2011-12668-AD

Clerk Mark H. Reed

## MEMORANDUM DECISION

{¶1} Plaintiff, Douglas Riggs, related he was traveling east on State Route 103 "at roughly 45-50 mph with 20-30 mph winds coming from west-southwest direction" when his 2001 Honda Insight "went off the right side of the road." Plaintiff explained that "my car was pulled down into the stone edging which is about 38 inches wide. In the stone edging there is placed a mile marker #3 which I struck" causing significant damage to the vehicle. Plaintiff pointed out the car sustained damage to the front rim, bumper, headlight bracket, door, and mirror. Plaintiff submitted photographs of State Route 103 at mile marker 3 which depict a straight paved roadway, bordered by a painted white edge line. Beyond the white line there is a narrow, paved berm and the shoulder of the roadway consists of approximately three feet of loose rock. A small square sign atop a short metal post has been placed in the grassy area beyond the rock shoulder. The trier of fact notes that the sign is entirely outside of the regularly traveled portion of the roadway. Plaintiff recalled his damage incident occurred at approximately 1:50 p.m. on November 10, 2011. Plaintiff implied the damage to his automobile was proximately caused by negligence on the part of defendant, Ohio Department of

Transportation (ODOT), in maintaining a roadway marker too close to the roadway adjacent to State Route 103. Plaintiff filed this complaint seeking to recover $2,500.00, the stated cost of replacement parts and related repair expenses. The filing fee was paid.

{¶2} Defendant denied liability based on the contention that the mile marker plaintiff's vehicle struck is clearly outside the portion of the roadway intended for travel and consequently, ODOT may not be held liable for damage caused by conditions located off the roadway. Defendant also asserted placement of the sign complies with the regulations contained in ODOT's Traffic Engineering Manual. Defendant implied plaintiff failed to prove his property damage was proximately caused by any negligent act or omission attributable to ODOT.

{¶3} Plaintiff did not file a response.

{¶4} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶5} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶6} In order to prove a breach of the duty to maintain the highways, plaintiff

must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

{¶7} Ordinarily in a claim involving roadway defects, plaintiff must prove either: 1) defendant had actual or constructive notice of the defective condition and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. However, the particular standard of proof applies in situations where a motorist suffers damage from a defective condition located on the traveled portion of the roadway. Evidence in the instant claim establishes that the sign plaintiff's car struck was located entirely off the roadway berm and shoulder.

{¶8} This court has previously held that ODOT is not to be held liable for damages sustained by individuals who used the berm or shoulder of a highway for travel without adequate reasons. *Colagrossi v. Department of Transportation* (1983), 82-06474-AD. Generally, a plaintiff is barred from recovery for property damage caused by a defect or any condition located off the traveled portion of the roadway.

{¶9} The shoulder of a highway is designed to serve a purpose which may include travel under emergency circumstances. It is for the trier of fact to determine whether driving on the shoulder is a foreseeable and reasonable use of the shoulder of the highway. *Dickerhoof v. City of Canton* (1983), 6 Ohio St. 3d 128, 6 OBR 186, 451 N.E. 2d 1193. If a plaintiff sustains damage because of a defect located off the marked, regularly traveled portion of a roadway, a necessity for leaving the roadway must be shown. *Lawson v. Department of Transportation* (1977), 75-0612-AD. Plaintiff's inability to maintain control of his vehicle during windy conditions is not an adequate reason or necessity for straying from the regularly traveled portion of the roadway. *Smith v. Ohio Department of Transportation* (2000), 2000-05151-AD.

{¶10} Defendant may bear liability if it can be established if some act or omission on the part of ODOT or its agents was the proximate cause of plaintiff's injury. This court, as trier of fact, determines questions of proximate causation. *Shinaver v.*

*Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶11} "If any injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327. Evidence available tends to point out the roadway was maintained properly under ODOT specifications. Plaintiff failed to prove his damage was proximately caused by any negligent act or omission on the part of ODOT. In fact, the sole cause of plaintiff's damage was his own negligent driving. See *Franz v. Ohio Dept. of Transportation*, Ct. of Cl. No. 2003-09483-AD, 2003-Ohio-7135; *Salcius v. Ohio Dept. of Transp.,* Ct. of Cl. No. 2009-06958-AD, 2009-Ohio-7166.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DOUGLAS RIGGS

    Plaintiff

    v.

OHIO DEPT. OF TRANSPORTATION, DISTRICT 1

    Defendant

    Case No. 2011-12668-AD

Clerk Mark H. Reed

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

 

                 _____

                 MARK H. REED
                 Clerk

Entry cc:

Douglas Riggs
145 W. Woodmere Drive
Tiffin, Ohio 44883

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

011
Filed 2/23/12
sent to S.C. Reporter 7/17/12